UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: DONALD MACK GLAUDE | Case No. 25-cv-07606-RFL<br><br>**ORDER DENYING MOTION TO STAY PENDING APPEAL**<br><br>Re: Dkt. No. 4 |

      Donald Glaude resides at a property in Newark, California. On May 7, 2025, and June 25, 2025, the Superior Court of Alameda County, in two separate unlawful detainer actions, awarded Jessica Ardell-Smith, individually and as trustee of the VMM Irrevocable Trust (the "Trust"), possession of the subject property. (*See In re Glaude*, No. 25-bk-41253, Dkt. No. 12-1 at 8-13, 20-24, 30-39 (Bankr. N.D. Cal. July 29, 2025).)[1] Glaude subsequently commenced Chapter 13 bankruptcy proceedings. (*See id.*, Dkt. No. 1 (Bankr. N.D. Cal. July 18, 2025).) Upon Ardell-Smith's motion, the bankruptcy court terminated the automatic stay applicable in bankruptcy proceedings with respect to the subject property. (*See id.*, Dkt. No. 28 (Bankr. N.D. Cal. Aug. 14, 2025).) Glaude then filed a notice of appeal and moved to stay enforcement of the bankruptcy court's order pending appeal. (*See id.*, Dkt. Nos. 36, 39 (Bankr. N.D. Cal. Aug. 22, 2025).) The bankruptcy court denied that stay request because Glaude "ha[d] not demonstrated any likelihood of success on the merits of his appeal." (*See id.*, Dkt. No. 50 at 2 (Bankr. N.D. Cal. Aug. 27, 2025).)

      Now on appeal to this Court, Glaude again requests a stay pending appeal of enforcement of the bankruptcy court's order terminating the automatic stay. (*See* Dkt. No. 4.) To obtain a stay pending appeal, Glaude must demonstrate, among other things, "that he is likely to succeed on the merits" of his appeal. *See Immigrant Defs. L. Ctr. v. Noem*, 145 F.4th 972, 985-86 (9th

---

[1] All citations to page numbers in filings on dockets refer to ECF page numbers.

Cir. 2025) (citation omitted).  He fails to make that showing.

Glaude's arguments primarily concern the propriety of the Trust's ownership of the subject property.  The Superior Court concluded in two separate unlawful detainer actions that the Trust owns the property and accordingly awarded ownership to the Trust.  Those decisions "extinguishe[d] all other legal and equitable possessory interests in the" property, including any interests that Glaude may have had.  *See In re Perl*, 811 F.3d 1120, 1127-28 (9th Cir. 2016).  Neither the bankruptcy court nor (by extension) this Court have jurisdiction to review those decisions.  *See, e.g.*, *In re Jones*, No. 18-1008, 2018 WL 4925214, at *3-4 (B.A.P. 9th Cir. Oct. 10, 2018).  Therefore, the bankruptcy court properly terminated the automatic stay with respect to the subject property.  *See, e.g.*, *Brown v. Lion Share Invs., LLC*, No. 17-cv-05531-EMC, 2017 WL 6502804, at *2 (N.D. Cal. Oct. 12, 2017) (bankruptcy court did not err in lifting automatic stay where petitioner commenced bankruptcy proceedings after "Lion Share obtained an unlawful detainer judgment and writ of possession" in Superior Court).  Glaude also argues that the Superior Court "did not adjudicate title" to the subject property.  (*See* Dkt. No. 4 at 4.)  But in its June 25, 2025 order, the Superior Court explicitly found that the Trust had perfected its title to the subject property in October 2023 and that Glaude had not presented evidence sufficient to create a triable issue of material fact on that point.  (*See In re Glaude*, No. 25-bk-41253, Dkt. No. 12-1 at 38 (Bankr. N.D. Cal. July 29, 2025).)

Accordingly, Glaude is unlikely to succeed on the merits of his appeal, so the motion to stay is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 29, 2025

RITA F. LIN
United States District Judge